IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE RANGER PICKETT, #128361, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11-CV-923-WHA |
| | ) [WO] |
| | ) |
| JUDGE SAMUEL H. WELCH, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a Petition for Writ of Mandamus filed by Joe Ranger Pickett ["Pickett"], an indigent state inmate and frequent litigant before this court, directed to compel action by various state court officials.[1] In this petition, Pickett requests an order

---

[1] Pickett seeks a writ of mandamus under Rule 21 of the Federal Rules of Appellate Procedure. This rule allows a party to an action in a federal district court to file a petition with the appropriate circuit court of appeals seeking relief from the federal district court in which his case is pending. This rule therefore provides no cause of action for Pickett as the instant petition for writ of mandamus seeks to compel action by the state courts. Although the general writ of mandamus was abolished by Rule 81(b), *Federal Rules of Civil Procedure*, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Actions in the nature of mandamus are allowed by 28 U.S.C. § 1361, which states that: "The district courts shall have original jurisdiction of any civil action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." While the law is well settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state courts and/or state officials in the performance of their duties where mandamus is the relief sought. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, this court has no mandamus jurisdiction over state officials or state courts and, hence, regardless of Pickett's *in forma pauperis* status, lacks authority to compel the action Pickett requests.

from this court directing the respondents to act in accordance with applicable laws and judicial canons in ruling on a pending state case.[2]

## II.  DISCUSSION

Under the provisions of 28 U.S.C. § 1914(a), the filing fee applicable to this civil action is $350.00.  Upon initiation of this case, Pickett filed a request for leave to proceed without prepayment of fees or costs pursuant to the provisions of 28 U.S.C. § 1915(a). *Court Doc. No. 2*.  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action *in forma pauperis* and requires payment of the requisite filing fee upon initiation of the suit if the inmate "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious danger of serious physical injury."[3]  The records of this court establish Pickett, while incarcerated or

---

[2]Pickett advises he filed a case in 2008 which is pending before the Circuit Court of Montgomery County, Alabama challenging the revocation of his parole based on a domestic violence offense.  Pickett argues he is entitled to the relief sought in the state case, i.e., his release from incarceration on a return to parole status, as he has not been convicted on the charge of domestic violence and, consequently, revocation of his parole based solely on the charged offense is violative of double jeopardy and equal protection.

[3]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216, 127 S.Ct. at 921.

detained, has on at least five occasions had civil actions and/or appeals summarily dismissed pursuant to the directives of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim or for asserting claims against defendants immune from suit. The civil actions and appeals on which this court relies in finding a violation of § 1915(g) by Pickett are as follows: (1) *Pickett v. Gaither, et al.*, Case No. 2:98-CV-1343-ID (M.D. Ala. 1999) (appeal frivolous); (2) *Pickett v. McAliley, et al.*, Case No. 2:98-CV-1330-WHA (M.D. Ala. 1999) (appeal frivolous); (3) *Pickett v. Thompson, et al.*, Case No. 2:93-CV-642-ID (M. D. Ala. 1993); (4) *Pickett v. Esdale, et al.*, Case No. 2:93-CV-294-ID (M. D. Ala. 1993); and (5) *Pickett v. Phelps, et al.*, Case No. 2:92-CV-1289-TMH (M.D. Ala. 1992).

In the instant civil action, Pickett complains the respondents have failed to make or ensure a timely and just adjudication of his state case. *Petition for Writ of Mandamus - Court Doc. No. 1* at 7-9. He further contends failure to grant him relief on his state case has forced him "to live in imminent danger in the overcrowded lack of security Department of Corrections...." *Id*. at 8. Pickett requests "an order of this Court compelling the respondent judges to properly consider and dispose of [his state] petition with a duly [certified] copy of the ... conviction for 3rd degree domestic violence to satisfy due process and equal protection...." *Id*. Neither the challenge to actions of state officials nor the general and conclusory allegation regarding exposure to potential danger while incarcerated adequately demonstrates Pickett was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the

3

exception preventing application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).

Based on the foregoing, the court concludes that Pickett's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Pickett failed to pay the requisite filing fee upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

### III. CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Joe Ranger Pickett (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.[4]

It is further

---

[4]Pickett is advised that a petition for writ of "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, if the petitioner seeks to challenge the revocation of his parole he may do so by filing a 28 U.S.C. § 2254 petition for habeas corpus relief with this court. ***However, prior to filing a federal habeas petition, the petitioner must properly and fully exhaust his available state court remedies***. 28 U.S.C. § 2254(b)(1)(A) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - the applicant has exhausted the remedies available in the courts of the [convicting] State ..." )

ORDERED that **on or before November 17, 2011**, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal the factual findings contained in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of November, 2011.

                                             /s/Charles S. Coody
                                          CHARLES S. COODY
                                          UNITED STATES MAGISTRATE JUDGE